IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOE K. RICHARDS, )
 )
      Petitioner, )
 )
 ) CIV-15-858-R
v. )
 )
WILLIAM MONDAY, Warden, )
 )
      Respondent. )

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the execution of his sentence and alleges that he was erroneously denied credit for "street time" when his parole was revoked. Respondent has moved to dismiss the habeas action on the basis that Petitioner failed to exhaust available administrative and state judicial remedies and the statute of limitations concerning his § 2241 claims has expired. Although advised of his opportunity to respond, Petitioner has not responded to Respondent's Motion to Dismiss within the allotted time period. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed.

Petitioner was convicted in the District Court of Comanche County, Oklahoma, in Case No. CF-1998-231 of the offense of Trafficking in Cocaine and sentenced to a 15-year

1

term of imprisonment. For this conviction and sentence, Petitioner was incarcerated in the custody of the Oklahoma Department of Corrections ("ODOC") between December 4, 1998 and November 8, 2002, when he was released on parole. At the time of Petitioner's release, he had 3,987 days remaining on his sentence. Motion to Dismiss, Ex. 2, at 4. ODOC determined that Petitioner's time on parole was scheduled to end, absent any violation of the terms and conditions of his parole, on October 8, 2013. Motion to Dismiss, Ex. 1.

As a result of a new conviction entered against Petitioner in Alabama in 2008, Petitioner's parole concerning his sentence in Case No. CF-1998-231 was revoked on March 29, 2012, following a revocation hearing. In a Certificate of Revocation dated May 2, 2012, Oklahoma Governor Fallin ordered Petitioner to serve the remainder of his sentence concurrently with the new term of imprisonment entered in Alabama and with no credit for street time. Motion to Dismiss, Ex. 3. Petitioner remains in ODOC custody serving his revocation sentence.

In his Petition filed on August 6, 2015, Petitioner asserts that "my Judgement and Sentence stated that I had 15 years to serve from 1998 - 2013" and "time sheets attest to the time alloted [sic] has run out." Petition, at 8. Petitioner also asserts that his parole was "revocated [sic] 5 years after the fact." Petition, at 9. As relief, Petitioner requests that he "want[s] and need[s] the facts of my incarceration expiration to be apparent [sic] and to be compensated for the time I've spent in the Department of Corrections." Petition, at 10.

Respondent contends that the habeas action should be dismissed because Petitioner has failed to exhaust available administrative and state judicial remedies. Alternatively,

Respondent contends that the one-year limitations period prescribed by 28 U.S.C. §2244(d)(1)(D) has expired.

Petitioner does not describe in the Petition any effort to exhaust administrative remedies within ODOC or state judicial remedies concerning his claims. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See Woodford v. Ngo, 548 U.S. 81, 92 (2006); Rose v. Lundy, 455 U.S. 509 (1982).

Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available remedies is required for petitions brought under 28 U.S.C. § 2241. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010); Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent showing of futility); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). The exhaustion requirement extends to both administrative and state court remedies. Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002).

Petitioner has not alleged or shown that he exhausted available state judicial remedies concerning his claims. Following the revocation of his sentence in Case No. CF-1998-231, Petitioner admits that he did not seek post-conviction relief in the Oklahoma courts. Petition,

at 2-3, 6.

With respect to Petitioner's claim challenging the execution of his sentence, the exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." Woodford v. Ngo, 548 U.S. 81, 90 (2006). Petitioner submitted a Request to Staff to Respondent Warden Monday arguing that he was being held in custody beyond the original expiration date of his sentence. In response to this Request to Staff, Warden Monday advised Petitioner that the same issue had been addressed previously, that his sentence had been audited by ODOC sentence administration and no change was documented. Motion to Dismiss, Ex. 8.

Although Petitioner completed the first step of ODOC's administrative grievance procedure, Respondent has provided uncontroverted evidence that Petitioner did not submit a grievance or grievance appeal challenging the execution of his sentence. See Motion to Dismiss, Exs. 11, 12 (affidavits of ODOC officials). These are steps required for the exhaustion of ODOC's administrative grievance procedure. See Motion to Dismiss, Ex. 12; Thomas v. Parker, 609 F.3d 1114, 1117 (10th Cir.2010)("The ODOC grievance process has a requirement of informal consultation with staff, then three written steps: a Request to Staff form, a formal grievance, and an appeal to the administrative review authority.").

Petitioner's failure to exhaust available state judicial and administrative remedies warrants dismissal of the habeas action on this ground. In light of this recommendation, it is not necessary to address Respondent's alternative argument that the Petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(D).

4

RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 12) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED without prejudice. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___December 8th___, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___18th___ day of ___November___, 2015.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE